922 F.2d 836
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eddie Nelson POWELL, M.D., Defendant-Appellant.
 No. 90-1436.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 4, 1990.
Decided Jan. 2, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. W. Earl Britt, District Judge. (CA-88-123-3-CIV)
 Ernest Edward Ratliff, Clinton, N.C., for appellant.
 R.A. Renfer, Jr., Assistant United States Attorney, Raleigh, N.C., (Argued), for appellee; Margaret Person Currin, United States Attorney, Eileen G. Coffey, Assistant United States Attorney, Raleigh, N.C., on brief.
 E.D.N.C.
 AFFIRMED.
 Before SPROUSE, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Eddie Nelson Powell appeals the district court's grant of summary judgment in favor of the United States in its action against him for repayment of scholarship grants and interest based upon his failure to complete obligatory service in a public health service organization.
 
 
 2
 Dr. Powell and the United States executed an agreement for an award granting a Public Health Service and National Health Service Corps scholarship for the years 1976 and 1977. The scholarship was conditioned upon Powell's agreement to serve on active duty for one year as a commissioned officer in the Public Health Service or as a civilian member of the National Health Service Corps for each academic year of support covered by the scholarship. 42 U.S.C. Sec. 254 l(b)(4); 42 U.S.C. Sec. 254l(f)(1)(B)(iv) (now codified at 42 U.S.C. Sec. 254 l-1(f)(1)(B)(iv) (Supp. V 1987)). The scholarship award also provided:
 
 
 3
 If, for any reason a participant fails to complete an active duty service obligation, such participant shall be liable for the payment of an amount equal to the scholarship payments, tuition and other educational fees paid, plus interest at the maximum legal prevailing rate running from the date such payments were made. Any amount which the United States is entitled to recover under this paragraph, shall within the three year period beginning on the date on which it is determined that a breach occurred, be paid to the United States.
 
 
 4
 There can be no dispute as to the granting of the scholarship under Sec. 254l(b)(4), nor as to the applicable law which requires a medical student receiving this government assistance to match each year of his scholarship assistance with one year of service as a Public Health Service physician in a medically deprived area.* It is also undisputed that Powell served only 344 of the required 730 days. Powell contends, however, that he did not resign, but was discharged.
 
 
 5
 We need not consider the putative legal effect of such circumstances, however, because we agree with the district court that Powell resigned his position with the Public Health Service. Neither his answers to interrogatories nor his affidavit supporting his motion for summary judgment raised any genuine issue of material fact concerning that question.
 
 
 6
 Powell argues that his departure was primarily caused by a disagreement with a Public Health Service regional office over whether he or the government should pay for the rental of his residence during his service. In his affidavit, he stated:
 
 
 7
 Prior to my actual leaving I had been informed on three (3) separate occasions that I would be fired, had been fired or would be fired if I did not pay some $5,000.00 that the Public Health Service claimed was an unauthorized expenditure made on my behalf for purposes of securing a residence for me.... It was made clear to me at a meeting on or about October 8, 1980 that I had to either pay the money or be fired from Pembroke. That message was reiterated and I was told that I had been fired again on October 15, 1980 by Mr. Bateman of the Public Health Service. On October 25, 1980 I was again told that I had been fired as I had not paid or agreed to pay the $5,000.00 back.
 
 
 8
 In his answers to interrogatories, he stated, "Mr. Bateman said that he would see to it that I never practiced for the Public Health Service anymore. He also said that I would not be transferred. He further said that I don't like you." However, in a subsequent letter to the appropriate government officials dated October 20, 1980, Dr. Powell related that it was necessary for him to terminate his relationship with the Public Health Service due to the failing health of his mother who resided in another city. The letter made no reference to the previous dispute or to a problematic discharge. After reciting the unfortunate circumstances requiring his departure, he stated:
 
 
 9
 My resignation as of November 1 will definitely cause a financial burden on me but my mother's medical condition is more important to me than the hardships that I will bring upon myself as of November 1 when I quit the Public Health Service.
 
 
 10
 .............................................................
 
 
 11
 ...................
 
 
 12
 * * *
 
 
 13
 As I noted earlier, I will be quitting at Pembroke Medical Center, Pembroke, North Carolina as of November 1 irrespective of whether or not you allow me to take the private practice option plan.
 
 
 14
 Finally, in this context, the Director of the National Health Service Corps communicated with Powell on October 31, 1980, advising him that
 
 
 15
 We are in receipt of your letter of October 20, 1980 requesting your release from your placement in Pembroke into the private practice option at Roseboro, North Carolina.
 
 
 16
 We will take this request under consideration. Until a decision is reached you are expected to remain on duty at your assigned station at Pembroke Medical Services, Inc. in Pembroke, North Carolina maintaining all of your patient care responsibilities there. Should you choose to resign prior to completion of your scholarship obligation it must be done in accordance with commissioned personnel regulations. However you must be advised that failure to complete your obligation will result in an application of the default penalty.
 
 
 17
 We agree with the district that there is simply no question but that Dr. Powell resigned his position from the Public Health Service effective November 1, 1980. Nor is there any merit to Powell's contention that he should be relieved of his repayment obligation because after leaving the National Health Service Corps he was employed in the same area by a clinic serving the needs of the indigent. Likewise, unavailing is his argument that he should be allowed credit for one year since he served 344 days pursuant to his scholarship agreement.
 
 
 18
 In view of the above, the judgment of the district court is
 
 
 19
 AFFIRMED.
 
 
 
 *
 Circumstances under which the service may be waived or excepted pursuant to 42 U.S.C. 254o(c)(2) are not present here